1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALBERTO GONZALEZ                          1:10-cv-00084-YNP-SMS (PC)

12           Plaintiff,                         FINDINGS AND RECOMMENDATION TO
                                                DISMISS CASE FOR FAILURE TO OBEY A
13       vs.                                    COURT ORDER

14    JAMES D. HARTLSY, et al.                  OBJECTIONS, IF ANY, DUE IN 30 DAYS

15
             Defendants.
16
      _____/
17

18          On January 19, 2010, the court issued an order directing Plaintiff to submit an

19    application to proceed in forma pauperis or pay the filing fee within forty-five (45) days.  The

20    forty-five (45)-day period has now expired, and plaintiff has not filed an application to proceed in

21    forma pauperis or paid the filing fee, or otherwise responded to the court's order.

22          Local Rule 110 provides that "failure of counsel or of a party to comply with these

23    Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

24    and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

25    power to control their dockets and "in the exercise of that power, they may impose sanctions

26    including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

                                              -1-

1  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

2  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

3  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

4  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

5  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

6  41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

7  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

8  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

9  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

10  rules).

11         In determining whether to dismiss an action for lack of prosecution, failure to

12  obey a court order, or failure to comply with local rules, the court must consider several factors:

13  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

14  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

15  cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at

16  831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

17  Ghazali, 46 F.3d at 53.

18         In the instant case, the court finds that the public's interest in expeditiously

19  resolving this litigation and the court's interest in managing the docket weigh in favor of

20  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

21  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

22  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

23  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

24  of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

25  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

26  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

1  court's order expressly stated: "Failure to comply with this order will result in a recommendation

2  that this action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result

3  from his noncompliance with the court's order.

4          Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

5  based on plaintiff's failure to obey the court's order of January 19, 2010.

6          These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

8  thirty days after being served with these findings and recommendations, plaintiff may file written

9  objections with the court.  Such a document should be captioned "Objections to Magistrate

10  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

11  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

12  Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

14  **Dated:    March 25, 2010**                          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26